**Paul Edward JOHNSON, II, Plaintiff,**

v.

**N.T.I., A DIVISION OF COLORADO SPRINGS CIRCUITS, a Colorado corporation, Defendant.**

Civil Action No. 95–K–1395.

United States District Court,
D. Colorado.

Nov. 7, 1996.

L. Dan Rector, Norton Frickey & Associates, Colorado Springs, CO, for Plaintiff.

Craig M. Cornish, Cornish and Dell'Olio, Colorado Springs, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER ON SUMMARY JUDGMENT

KANE, Senior District Judge.

### I. *Introduction.*

Defendant NTI moves pursuant to Federal Rule of Civil Procedure 56 for summary judgment with respect to the claims of Plaintiff Paul Edward Johnson, II for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and for breach of implied contract of employment/promissory estoppel. Johnson confesses the portion of the motion relating to breach of contract/promissory estoppel. Jurisdiction over the Title VII cause of action exists under 28 U.S.C. § 1331. I grant the motion.

### II. *Statement of Issues.*

Johnson, a white male, was employed at NTI and was terminated after nearly twelve years of service. He claims his termination was discriminatory "based upon race, to the extent that [he] was replaced by one or more minority individuals in order to make up for a racial imbalance within the company, and despite [his] good work performance up to that point." (Am.Compl. ¶ 7.)

NTI denies the existence of discrimination and contends that Johnson's job was eliminated as part of a restructuring process which had legitimate business purposes and was not a pretext for discrimination. It asserts further that, after Johnson's job was eliminated, a decision was made by the restructuring team to terminate Johnson's employment based on his negative personality.

### III. *Standard on Motion for Summary Judgment.*

Under Federal Rule of Civil Procedure 56(c), a court may grant summary judgment where there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The burden of establishing the non-existence of a material fact is initially on the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *Thrifty Rent–A–Car Sys., Inc. v. Brown,* 24 F.3d 1190, 1194

(10th Cir.1994). When the moving party has met its initial burden, it then shifts to the non-moving party to establish that there is a triable issue of fact. *Id.* A triable issue of fact exists where there is sufficient evidence favoring the non-moving party for a jury to return a verdict in favor of that party. *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir.1990). The facts presented, and the appropriate inferences that may be drawn from them, must be construed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2509–10. However, in the face of a properly supported motion for summary judgment, the nonmoving party may not rely on unsupported allegations without "any significant probative evidence tending to support the complaint." *Id.* at 249, 106 S.Ct. at 2510.

## IV. *Merits.*

Where, as here, a plaintiff does not present evidence of intentional discrimination, but relies on circumstantial evidence, the *McDonnell Douglas* burden shifting framework applies to evaluate whether the plaintiff has demonstrated Defendants' discriminatory intent circumstantially. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973).

Under the *McDonnell* scheme, in order to survive summary judgment in a circumstantial case, the plaintiff must first establish a prima facie case of discrimination. *Id.* at 802, 93 S.Ct. at 1824. If the plaintiff carries the burden, it shifts to the defendant to articulate a facially nondiscriminatory reason for the challenged employment action. If the Defendant makes such a showing, the burden reverts to the plaintiff to prove that the proffered nondiscriminatory reason is pretextual, from which a jury may infer discriminatory intent. "[R]ejection of the defendant's proffered reasons [ ] will permit the trier of fact to infer the ultimate fact of intentional discrimination." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993).

As both Johnson and NTI correctly recognize, where a plaintiff claims reverse discrimination, he or she does not necessarily receive the presumption of discrimination afforded to a member of an ostensibly disfavored minority class. *See Notari v. Denver Water Dep't*, 971 F.2d 585, 588–89 (10th Cir.1992). Thus, he or she "must identify background circumstances that would justify applying to a majority plaintiff the same presumption of discrimination afforded to a minority plaintiff who establishes a prima facie case by showing that the defendant is one of those unusual employers who discriminate against the majority." *Reynolds v. School District No. 1, Denver, Co.*, 69 F.3d 1523, 1534 (10th Cir.1995) (citing *Notari*, 971 F.2d at 588–89).

Alternatively, he or she can establish a prima facie case of reverse discrimination either by presenting "direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the plaintiff's status the challenged employment decision would have favored the plaintiff." *Notari*, 971 F.2d at 590.

NTI argues no genuine issue of material fact exists and that judgment is appropriate as a matter of law because, *inter alia*, Johnson has no evidence sufficient to establish a prima facie case of reverse discrimination.

In his response to the motion for summary judgment, Johnson states he was employed at NTI from July 14, 1982 to April 15, 1994. There, he held the positions of Operator, Lead Operator, and his last position as Team Leader. He states when he was terminated, according to a letter from Director of Human Resources, Dave St. Andre, he was "laid off due to the elimination of his position."

Johnson asserts before his termination, there were only white Team Leaders hired by NTI, with the possible exception of one Asian American individual and that to become a Team Leader one could only be promoted from a so-called Level III Operator position or above.

Johnson maintains, despite NTI's contrary statements, his job continued to exist and his job responsibilities were assumed in part by three African–American employees, namely, John Monger, Ralph Maldonado and Arnold Mike. He states Maldonado and Mike were Level II Operators, yet each was promoted

to Team Leader immediately upon his termination.

Johnson's assertion that a material question of fact exists as to whether his termination was made because of his race is conclusory as is his declaration that NTI needed to place minority employees in a Team Leader Position. Both statements are unsupported by Johnson's deposition testimony or his affidavit submitted in support of his response.

The first way in which Johnson, a member of a non-minority class, could receive the presumption of discrimination afforded to a member of a minority class is by asserting evidence tending to establish background circumstances indicating that NTI discriminated against whites generally. This he has not done. To the contrary, he stated in deposition that in ten years neither he nor his white brother had ever been discriminated against because of race; he had never heard supervisory officials at NTI make derogatory remarks about whites; he did not believe the persons who decided to dismiss him were biased against whites; he could not speculate that he would have retained his job if he were not white; virtually all of NTI's management is white; NTI had no affirmative action policies; and he had no evidence that NTI needed additional minorities in management positions.

Alternatively, Johnson could establish a prima facie case of reverse discrimination by presenting direct evidence of discrimination. He has not presented such evidence.

There remains the final alternative that Johnson could produce sufficient indirect evidence to support a reasonable probability, that but for his being white he would not have been terminated. In this regard, the *Notari* court emphasized:

> [A] plaintiff who attempts to state a prima facie case in this fashion is not entitled to rely on the presumption that is implicit in the *McDonnell Douglas* prima facie case analysis. In other words, it is not enough, under this alternative formulation, for a plaintiff merely to allege that he was qualified and that someone with different characteristics was the beneficiary of the challenged employment decision. Instead, the plaintiff must allege and produce evidence to support specific facts that are sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred.

*Notari,* 971 F.2d at 590.

Contrary to this admonition, Johnson attempts to rely on the very presumption implicit in the *McDonnell Douglas* prima facie case analysis. He states he was qualified for the position of Team Leader and that three African American individuals, two of whom were less qualified than he, benefitted from his termination. He requests you to presume that these facts support a reasonable probability, that but for his being white he would not have been terminated. However, the clear mandate in *Notari* is that this is not enough to establish a prima facie case of reverse discrimination.

Johnson has not produced any significant probative evidence tending to support his assertion that his termination was discriminatory based upon race. His conclusory allegations and subjective beliefs are insufficient to prevent the entry of summary judgment. *See Roemer v. Public Service Co. of Colorado,* 911 F.Supp. 464, 469 (D.Colo.1996).

Because I find Johnson has not satisfied his prima facie burden in this reverse discrimination case, I do not reach the issue of whether NTI's professed reason for his termination is pretextual.

### V. *Conclusion.*

I conclude Johnson has not established the elements of a prima facie case of reverse discrimination and grant summary judgment in favor of NTI on Johnson's Title VII claim. Since Johnson has confessed the remaining portion of the motion relating to breach of contract/promissory estoppel, summary judgment is appropriate with regard to the entire action. Accordingly,

IT IS ORDERED THAT Defendant's Motion for Summary Judgment is GRANTED;

IT IS FURTHER ORDERED THAT this case is DISMISSED with each party to pay his or its own costs.